IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THADDEUS A. STACY,                              CV. 05-1126-PK

       Plaintiff,                        ORDER TO DISMISS

   v.

JASON BLEDSOE, et al.,

       Defendant.

BROWN, District Judge.

    Plaintiff, an inmate at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order (#6) entered by the court on September 12, 2005, Plaintiff was granted provisional leave to proceed *in forma pauperis*. Moreover, in its Order (#11) dated October 17, 2005, the court directed Plaintiff to amend his complaint "so that it clearly reflects his representation that he is not attempting to challenge his underlying criminal convictions, or raise claims which imply the invalidity of his convictions."

1 - ORDER TO DISMISS

Subsequently, Plaintiff filed an Amended Complaint (#15) attempting to cure the deficiencies in his original Complaint. However, for the reasons set forth below, Plaintiff's Amended Complaint (#15) is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges in his Amended Complaint (#15) that on May 4, 2004, Defendant Lea initiated a traffic stop without probable cause and brought charges against him based solely on his criminal past. He claims that following his arrest, and before any Grand Jury proceedings, Defendant Lea conspired with the other Defendants and their partners in the media to widely disseminate a press release falsely portraying him as an active sex offender arrested for criminal impersonation of a police officer who was using his disguise to trap victims for sexual assault.

Plaintiff argues that the press release created a "fear reaction" and made an unwarranted plea for anyone with information about him to contact the Oregon State Police. He further contends that Defendants based their decision to issue the press release solely on unsupportable suspicions; that at most Defendants had evidence that he, a convicted felon, unlawfully possessed a weapon. Plaintiff alleges that as a consequence of Defendants' issuance of the press release he was denied the protection of a fair Grand Jury proceeding.

In addition, Plaintiff alleges false light invasion of privacy, intentional infliction of severe emotional distress, defamation, slander, and libel. Amended Complaint (#15), p. 12-13. Plaintiff seeks monetary and injunctive relief.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

   (I)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a Plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the Plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the Plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff's claim that defendants' actions stripped him of his right to a fair Grand Jury proceeding, while raising a federal constitutional issue, also indirectly challenges the indictment used to charge him in this case. If Plaintiff prevailed on this claim, it would imply the invalidity of both the indictment under which the state charged him, and his underlying conviction. As the court previously advised Plaintiff, he cannot bring such a claim in

4 - ORDER TO DISMISS

a § 1983 action unless he can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000). He has not made such an allegation, therefore his federal constitutional claims are dismissed with leave to re-file should he succeed in invalidating his conviction(s).

To the extent Plaintiff may be attempting to raise a Fourth Amendment search and seizure issue with respect to his traffic stop and the evidence gathered as a result, Heck bars this claim as well.

Furthermore, Plaintiff has failed to allege a basis for jurisdiction in this court to hear his state law tort claims of false light invasion of privacy, intentional infliction of severe emotional distress, defamation, slander, and libel. A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all other claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3). Accordingly, having dismissed all of Plaintiff's federal constitutional claims, the court declines to exercise supplemental jurisdiction over his remaining state law tort claims.

///

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint (#15) is DISMISSED for failure to state a claim, and the dismissal is without prejudice to Plaintiff's right to re-file this action should he succeed in invalidating his underlying conviction on appeal or through a habeas corpus proceeding. In addition, because the court dismisses Plaintiff's action, his Motion for Appointment of Counsel (#13) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of January, 2006.

_____
ANNA J. BROWN
United States District Judge